Judge Hise
delivered the opinion of the Court.
This suit was instituted by McCawley in his lifetime, and after bis-death revived by his administratrix against the administrator and heirs of G. A. Brown, dec’d., to enforce an award. It appears that McCawley had sued Brown in his lifetime to recover certain demands against him for boarding, services,, (fee., that Brown died before it'was tried, and' after Brown’s death Wm. M. Mayna-dier and certain other persons jointly with him, executed a penal bond to McCawley conditioned to submit all matters in controversy between him and Brown, dec’d., to certain named arbitrators, and to abide by and perform their award. This arbitration bond was executed by said Maynadier several days before he had been appointed administrator of Brown’s estate, and it would .seem that neither of the obligors said bond at .its date *133 had any right or authority to bind the estate of Brown by any such agreement. But'waiving the question as to whether the subsequent appointment of Maynadier would relate back to the date of the'bond, and make it valid and binding upon him in his character as administrator, it is obvious thatBrown’s estate, either the personal assettsinthe hands of the administrator, or the realty descended to his heirs, could not be reached, nor would his administrators or heirs be bound by the award exhibited in complainant’s bill, unless it had been made in accordance with the terms of the arbitration bond, and by the arbitrators therein named, which was not done. It appears that two of the three persons named as arbitrators in the bond, refused or failed to act as such; and two other persons were substituted in their place without any authority whatever from the administrator or heirs of Brown, dec’d., who made out the ex parte award in question. It seems that McCawley being conscious that this award thus procured to be made by persons of his own selection, in the absence and without the knowledge or consent of the administrator or heirs of Brown, dec’d., could have no validity, procures a man by the name of Jewett, and another by the-name of Watters, to accept or ratify the said award in writing endorsed thereon, and signed by them as the .agents of the administrator Maynadier, and of the heirs ■of Brown, dec’d. But the complainant has wholly failed to prove the agency of Jewett or Watters, which is denied in the answer of Dallam, the present administrator. And in fact Jewett’s deposition is taken by complainant, but he proves that he had no authority as. agent either of the administrator or heirs of Brown, dec’d., to accept or ratify the said award, and that i* was expressly agreed at the time he signed the endorsement of acceptance that he was hot agent, and was acting without authority, and that his acceptance of the award should have no effect unless subsequently ratified by Maynadier; the said award must be therefore regarded as a nullity, unless life and validity should be oth *134 erwise given lo it, and it is attempted therefore to prove that Dallam, the present administrator, (Mayna-dier having been removed,) had, after his appointment, admitted the ciaim evidenced by this award, and promised to pay it. But the only witness by whom this proof is made, is successfully impeached, and shown to be unworthy of credit, by a number of witnesses examined indifferently on the part of both complainant and defendants. It is true that complainant anticipating that this award could hot be sustained, has by an altei-native prayer in the bill, asked that he may be permitted to go behind the award and behind the common law suit brought against Brown whilst living, and which was after Iris .death dismissed agreed, and recover upon the original consideration upon which the demand was fouuded. And in this view the complainant in the bill states the consideration to have been for services rendered by McCawley for Brown, as agent in giving attention to a 1200 acre tract of land and ferry appurtenant lying on the Ohio river, at the mouth of Cumberland river. Sanders, the only witness by whom complainant attempts to prove the claim set up, makes out a state of case which would lead the mind to the conclusion that probably McCawley was indebted to Brown rather than Brown to him. It is true that McCawley was Brown’s agent, and it is true that as such he gave attention to the said tract of land,, but it is equally true that he collected the rents from tenants thereon, and sold and used timber cut and taken from the same in the absence of Brown, and not a doubt is entertained but that McCawley retained out of the rents and proceeds arising from the timber used and sold by him, a sufficient amount to compensate himself for his services as agent, so that it manifestly appears that the award attempted to beset up by complainant is invalid if not fraudulent,and no satisfactory proof is made that Brown deceased, was at the time of his death indebted to complainant’s intestate. Wherefore it is the opinion of *135 this Court that the decree of the Circuit Court be affirmed.
An nward not made within the terms of the sub* mission is not binding.
That which has been previously ¡¡ligaieri and settled by the parties, as evidenced by a dismissal of a suit by agree merit, cannot be ?e litigated.
Grigsby and Newman for plaintiff; Harlan for defendant.